## PARTIALLY EXECUTED CONTRACT FOR PURCHASE AND SALE.

[Circuit Court of Wood County.]

THE TOLEDO, ST. LOUIS & WESTERN RAILWAY COMPANY v. LAFAYETTE M. TURNEY.*

Decided, December 19, 1904.

*Grantor and Grantee—Failure of Former to Deliver Deed—And of Latter to Complete Payment—Ejectment not Available to Grantor.*

T purchased a parcel of land from a railway company for $250. He paid $50 down, gave notes and a mortgage for the balance, and went into possession. The railway company never gave him a deed, and he never paid the notes and mortgage or any of the taxes. After more than twenty years the railway company brought suit in ejectment. *Held:* That the railway company had no right to dispossess T, for the reason that it had never performed the contract which it had agreed to perform as to the execution and delivery of the deed.

HAYNES, J. (orally); PARKER, J., and HULL, J., concur.

The case of the Toledo, St. Louis & Western Railway Company against Lafayette M. Turney is brought in this court for the purpose of reversing the judgment of the court of common pleas. The original act was brought by the railway company against Turney for the purpose of ejectment to dispossess him of a certain lot in the village of Grand Rapids, Wood county; and it appears to us on an examination of the record of the case and from the facts that were stated, that Turney purchased at one time the lot in question from a railway company; that railway company was afterwards merged in the Toledo, St. Louis & Western Railway Company. The property had been originally deeded to the president of the railway company, Ballou by name, who held it as trustee, and at the time it was sold to Turney by the then company, there was a contract in writing. That contract is not in existence so far as we can learn; a copy that was held by Mr. Turney having been burned at the time

*Affirmed by the Supreme Court, without report, 73 O. S., —.

the Chamber of Commerce building in Toledo burned, it being in the possession of Turney's attorney, Mr. Eckert, whose office and its contents were destroyed by the fire. But the evidence tends to show that the sale was made upon a contract in writing whereby Turney was to pay a certain sum of money for the lot, two hundred and fifty dollars, I think. He was to pay fifty dollars down and the balance in payments of six months and a year apart, to be secured by a mortgage, and the railway company was to execute at the same time a deed of the premises. He paid the fifty dollars down on the execution of the contract. The railway company, sometime afterwards, sent him a deed; it was a quit-claim deed and he refused to take it, and returned it. He executed at the time he made the payment, the note and mortgage that were required, and delivered them to the officers of the railway company, and they held them, and have produced them here in court in the trial of the case. Turney testified that he had from time to time written to the railway demanding that they send him a deed, and he shows a letter written by the general manager of the railway company to him in which he says that the deed has gone forward to be signed by the president and will be returned, but this, in fact, was never done.

This transaction occurred in the year 1882. Turney testified that he had written to the company one or more times that the amount of money that was due had been deposited by him with a merchant in Grand Rapids who was a well known man, to be kept for the railway company, and they could have it any time they executed the deed. Subsequently, however, he withdrew that money. Turney never paid any taxes, or any part of the purchase money, while he stood upon his rights as he claimed, saying that he would do nothing towards paying the amount and paying the taxes until the deed was executed to him according to the contract. A deed was made by Ballou to the present plaintiff, the Toledo, St. Louis & Western Railway Company, after some time, and they brought this suit.

The defendant sets up these various facts in his answer and he claims that he was put into possession by the contract and has held possession of the premises from that time to this, and

that the railway company has never performed the obligations on its part to be performed. He claims his possession is lawful and that the railway company has no right to take possession of the property against him, because it has failed on its part to perform the agreement to make and deliver to him a good and sufficient warranty deed at the time that the notes and mortgage were made, and at the time the fifty dollars was paid.

Around that defense hangs the principal question in the case. The statute provides that the defendant may make any defense, legal or equitable, and this is a contest for the possession of this property, the question for the court to determine being whether or not the possession of the defendant was unlawful and whether the plaintiff had the right to dispossess him in an action in ejectment; and after mature consideration we are of the opinion that the contention of the defendant, Turney, is right and that this plaintiff had no right to dispossess him for the reason that it has failed on its part to perform the part of the contract that it agreed to perform. The railway company never tendered to him a good and sufficient deed and demanded payment of the purchase money, and without discussing the matter to any great length, and holding this view, we find that the judgment of the court of common pleas was erroneous, and it will be reversed and sent back for further proceedings according to law.

*James O. Troup,* for plaintiff in error.

*A. W. Eckert, B. F. James,* for defendant in error.